Per Curiam.

To bring this case within the equity jurisdiction of. the Court it must appear that here was a “ trust arising in the settlement of an estate ; ” but this is an ordinary case of a debt, for which there was a plain, adequate remedy at law, and would be now, but for the statute of limitations ; and the question is, whether the intervention of the statute bar, by taking away the remedy at law, makes the demand a subject of equity jurisdiction ;[1] and it clearly cannot have that effect.
*539 It is alleged however, that there was a promise by the defendant to pay the plaintiff. But such promise, not being in writing, is within the statute of frauds, and if it were in writing, it would only prove that there is an adequate remedy at law.
It is likewise alleged, that the defendant, by charging the estate of Edmund Ingalls with this demand, in her administration account, has made herself a trustee for the plaintiff. We have not the account before us ; but if she has fraudulently attempted- to exonerate herself as to this amount, in does not prove that the money is held by her in trust for the plaintiff; but she may be liable on a new account, for the fund, to those entitled to claim it.
Bill dismissed.

 The statute of limitations is a good plea in equity, as well as at law. Kane v. Bloodgood, 7 Johns. Ch. R. 90; Bangs v. Hally 2 Pick. (2d ed.) 372, note, and cases cited.